IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

DARIN RENSINK,

   Plaintiff,

vs.

WELLS DAIRY, INC.,

   Defendant.

No. 09-CV-4035-DEO

ORDER ON DEFENDANTS' FIRST
MOTION IN LIMINE

_____

  This matter is before the Court on Defendant Wells Dairy, Inc.'s (hereinafter "Wells Dairy") First Motion in Limine. Docket No. 30. The Plaintiff has responded to the motion. Docket No. 31.

  Wells Dairy states that it expects the Plaintiff to offer testimony, consistent with the Affidavit of Michael Finch, that "[i]t was common knowledge throughout [the Wells Dairy] plant that [Plaintiff] needed extra help because of his attention span and his intelligence level. Instead of working with [Plaintiff] to help him fix his mistakes, Wells wanted to see him get fired." Wells Dairy argues that such statements would be inadmissible because they would be beyond the witness's personal knowledge, citing Federal Rule of Evidence 602. Wells Dairy also argues that the statements would be inadmissible hearsay, citing Federal Rule of

Evidence 802. The Plaintiff responds that the witness will only be asked to testify to matters as to which he has personal knowledge, and to the extent the witness will be asked to testify concerning the statements of others, the testimony will be offered pursuant to Federal Rule of Evidence 801(d)(2)(D), under the hearsay exception for admissions of a party opponent.

The Court cannot tell from this record whether the testimony in question would be beyond the witness's personal knowledge, whether a hearsay exception would apply, or whether the testimony in question even would be hearsay, but the Court does not need to make these determinations at this time. The Court will rule on all such objections at trial. The Motion in Limine on these grounds is **denied**.

Wells Dairy also asks that evidence relating to two items of damages be excluded at trial: (1) the value of the insurance premiums that would have been paid by Wells Dairy on behalf of Rensink had he not been terminated from his job, and (2) front pay. The Plaintiff agrees that the issue of front pay should not be submitted to the jury, so the Motion in Limine is **granted** with regard to such evidence.

The questions of whether evidence should be allowed on the value of the insurance premiums that would have been paid on behalf of the Plaintiff had he not been terminated from his job is more complicated. Wells Dairy argues that Rensink cannot recover the value of these insurance premiums because he did not purchase substitute insurance. Wells Dairy asserts that if Rensink had purchased substitute insurance, he might be entitled to recover the costs of the insurance, but because he did not, allowing him to recover for the premiums would create a windfall to him. Rensink argues that this is a proper item of damages.

This question has been answered by the Eighth Circuit Court of Appeals in *E.E.O.C. v. Dial Corp.*, 469 F.3d 735 (8th Cir. 2006). The court held, "Congress intended fringe benefits to be part of the monetary award compensating claimants for the discrimination they suffered." *Id*. at 744 (where no reimbursement for health care costs incurred by the uninsured claimants were awarded[*]). The motion is **denied** with respect to this evidence.

---

[*]The Court assumes Rensink is not claiming "out of pocket" expenses that would have been covered by the insurance as part of his damages.

**IT IS THEREFORE HEREBY ORDERED** that Defendant's First Motion in Limine, Docket No. 30, is **granted in part and denied in part**.

**IT IS SO ORDERED** this 16th day of September, 2010.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa